J. Irwin Shapiro, J.
This is a coram nobis motion by defendant in person for a postconviction Huntley hearing (People v. Huntley, 15 N Y 2d 72, 77) as to the voluntariness of a confession of guilt made by defendant and received in evidence at his trial.
Defendant was duly convicted on December 9,1955, after trial before a jury in the former County Court of Queens County, of robbery in the first degree and cognate crimes, upon which he was sentenced to a term of imprisonment to run consecutively to a sentence of 20 years to life imposed upon defendant early that same day upon his conviction, after trial, of murder in the second degree. The robbery conviction was affirmed by the Appellate Division (20 A D 2d 968), and leave to appeal to the Court of Appeals was denied by present Chief Judge Fhld on April 21, 1964. I have obtained and examined the trial record used upon the appeal to the Appellate Division and the appellate briefs of both sides.
In support of this motion, defendant alleges, in essence, that upon his arrest on May 3, 1955 (two days after commission of the robbery of which he was convicted) he was questioned at the police station by five detectives; that he was not informed by these officers of his right to remain silent, that anything he said might be used against him, and that he had a right to confer with counsel; that when interrogated by an Assistant District Attorney shortly thereafter, he asked that he be permitted to contact either of two named attorneys, but the Assistant District Attorney stated that this would not be done until after defendant made a statement; that a statement in Q and A form ‘ ‘ was extracted from [him] under circumstances amounting to coercion ”; and that he had first refused to give the Assistant District Attorney a statement but finally did so when he was informed that he could not see his lawyer until after he gave a statement. This claim was previously raised in defendant’s appeal from the judgment of conviction and it follows, *686 substantially, the argument made thereon in defendant’s brief on appeal.
The record proof was that defendant had made a full confession of guilt to the detective who had interrogated him; that an Assistant District Attorney arrived at the police station approximately an hour and a half later; that at that time defendant stated he did not want to talk; that the Assistant District Attorney replied that he just wanted to go over again what defendant had told the detectives a short time before but that if defendant did not want to make a statement he would not be interrogated and could leave the room; and that defendant then left the room but voluntarily returned soon thereafter and stated that he would answer questions. The trial record also shows that defendant, who took the stand, did not testify that he asked the Assistant District Attorney for a lawyer prior to making a statement, or that the District Attorney told him that he could not see a lawyer until after he was interrogated, or that he made a confession as a result of threats or the use of force. When defendant’s transcribed statement (which he had refused to sign upon advice of counsel who had arrived later) was offered in evidence by the prosecution, defendant’s counsel objected to its admission in evidence solely upon the ground that the statement was neither signed nor sworn to. No objection was made to the receipt of the statement in evidence upon the ground that it was involuntary.
Despite the absence of proof to raise an issue as to the voluntariness of defendant’s confession, the trial court instructed the jury — in a stereotype charge in statutory language (Code Crim. Pro., § 395) which was customarily given in most cases in which a confession, challenged or not, was involved — that they must determine whether the statement was voluntarily given before they could consider it.
The District Attorney concedes that under the holding of People v. Huntley (15 N Y 2d 72, supra) this charge alone put the issue of voluntariness into the case and that therefore a postconviction Huntley hearing would be required on that issue (Huntley, p. 77). He contends, however, that by reason of an adverse result in a Federal habeas corpus attack upon the judgment of conviction based upon the same claim as here asserted, defendant is collaterally estopped from seeking a Huntley hearing. I do not agree. In the posture of this case, not only did the Federal habeas corpus result fail to bring about a collateral estoppel- but, moreover, under no circumstances can it bar defendant from obtaining a Huntley hearing’.
*687 In August, 1968 defendant applied to the United States District Court for the Western District of New York for a writ of habeas corpus attacking the judgment of conviction. In support of the application, defendant made the same claim which is the basis of this motion — that a statement used in evidence against him was taken from him after his request for counsel had been refused and that he was told he would not get a lawyer until the interrogation was finished. Upon the petition in that proceeding, a United States District Judge, by order dated September 6, 1968, directed the Warden of the prison in which defendant was incarcerated to show cause why the writ should not issue and to produce for that court’s examination the record on appeal from the judgment of conviction, together with the briefs of the respective parties in the Appellate Division submitted on the appeal therefrom. That order also provided that ‘ ‘ the presence of the petitioner is not required on the return of this order to show cause.” Based upon the trial record and briefs furnished to the District Judge pursuant to the aforesaid order — which the court found to be sufficient for a determination of the questions raised without the need for a further hearing — the court found affirmatively that defendant did not request the assistance of counsel prior to being interrogated; that he was not refused the right to contact an attorney; that no police officer nor other person told petitioner that he could not have counsel until after he finished giving his statement; that no police officer nor any other person demanded that defendant make a statement; that defendant’s statement was voluntarily made and was properly admissible in evidence; and that defendant’s rights under the Federal Constitution were not infringed upon.
Jackson v. Denno (378 U. S. 368) and People v. Huntley (15 N Y 2d 72, supra) give a defendant an absolute right to a post-conviction evidentiary hearing in a State forum on the issue as to the voluntariness of a confession which had been received in evidence against him. That right, it was held, is not satisfied by Federal habeas corpus, cannot be disposed of solely on the record, and requires a full evidentiary hearing if the defendant so chooses. Thus, in Jackson v. Denno, the progenitor of People v. Huntley, the Supreme Court said (pp. 392-394) :
“As we have already said, Jackson is entitled to a reliable resolution of these evidentiary conflicts. If this case were here upon direct review of Jackson’s conviction, we could not proceed with review on the assumption that these disputes had been resolved in favor of the State for as we have held we are not *688 only unable to tell how the jury resolved these matters but, even if the jury did resolve them against Jackson, its findings were infected with impermissible considerations and accordingly cannot be controlling here. * * * Likewise, a federal habeas corpus court, in the face of the unreliable state court procedure, would not be justified in disposing of the petition solely upon the basis of the undisputed portions of the record. At the very least, Townsend v. Sain, 372 U. S. 293, would require a full evidentiary hearing to determine the factual context in which Jackson’s confession was given.
“ However, we think that the further proceedings to which Jackson is entitled should occur initially in the state courts rather than in the federal habeas corpus court. Jackson’s trial did not comport with constitutional standards and he is entitled to a determination of the voluntariness of his confession in the state courts in accordance with valid state procedures * * *. It is New York, therefore, not the federal habeas corpus court, which should first provide Jackson with that which he has not yet had and to which he is constitutionally entitled— an adequate evidentiary hearing productive of reliable results concerning the voluntariness of his confession.” (Emphasis supplied.)
Huntley implemented the ruling in Jackson-Denno. In providing required corrective process to comply with the mandates of Jackson v. Denno, the Court of Appeals directed (p. 77) that in all cases which have been tried and concluded and in which confessions were introduced and their voluntariness contested, and the normal appellate processes have been exhausted or are no longer available, defendants shall seek Jackson-Denno relief by coram nobis motion. As to those cases, the court further directed that no Jackson-Denno hearing will be necessary “where a confession was admitted without any objection by defendant or any assertion by him or his witnesses as to voluntariness, ’ ’ but that even in those cases, ‘ ‘ if the trial court has charged the jury on voluntariness the issue was in the case and a new hearing is indicated.” (Emphasis supplied.) In addition, the court decreed, as to the type of hearing to be had, that 11 there is no constitutional impediment to using the prior record provided that the defendant and the People are permitted to put in additional proof if either side so desires.” (Emphasis supplied.) • Significantly, in Huntley, as in all appeals from convictions had subsequent to Huntley in which the issue of voluntariness of confession was involved, the Court of Appeals and the Appellate Division did not use the record to make a determination on that issue but remitted the matter to the trial court for a Huntley hearing. (See, e.g., People v. *689 Morgan, 15 N Y 2d 914; People v. Korda, 24 A D 2d 577; People v. Ristau, 29 A D 2d 985.)
Apart from the fact that it is more than doubtful whether there can be a collateral estoppel where a determination on the record without a hearing, such as we have here, may not constitute a “ full and fair opportunity to contest the decision ” (see Schwartz v. Public Administrator, 24 N Y 2d 65, 71; also, see, People v. Lo Cicero, 14 N Y 2d 374, 375; cf. Israel v. Wood Dolson Co., 1 N Y 2d 116, 119; Collateral Estoppel in New York, Maurice Rosenberg, 44 St. John’s L. Rev. [Oct., 1969] 171, 173, 187; 9 ALR 3d 234) — which question need not be reached— it is certain that defendant’s right to a Jackson-Penno, Huntley hearing was not canceled out or diminished by the Federal habeas corpus determination on the record. That is the explicit holding in Jackson v. Denno (supra) as above quoted.
Motion granted to the extent that a Huntley hearing be had on the issue of whether defendant’s confession was voluntarily made.
The District Attorney of Queens County is directed to submit an order requiring the Warden of Attica Prison at Attica, New York, to produce defendant before this court on the 4th day of May, 1970, for the aforesaid hearing, and the Clerk of this court is directed to send a copy of this decision and the order entered thereon to the defendant at his present place of abode.